KAREN NELSON MOORE, Circuit Judge,
dissenting.
I agree with the majority’s interpretation of the statutory language of 31 U.S.C. § 3729(a)(1)(G) and (D). I disagree with the majority, however, that the relators’ complaint fails to satisfy the pleading standards of Rule 8 of the Federal Rules of Civil Procedure in alleging violations of these statutes.
The relators alleged that the United States deeded land to the Muskingum Watershed Conservancy District (“MWCD”) in 1949 and that this deed granted “a determinable fee simple estate, subject to a possibility of reverter interest retained by the United States” if the land was not used for its specified purpose. R. 15-1 (Second Am. Compl. at 2-3) (Page ID #362-63); see also R. 8 (First Am. Compl. at 2) (Page ID #102). The relators alleged that MWCD entered into several subleases for the purpose of oil, gas, and mineral-resource extraction on the government-deeded land, that these subleases violated restrictions in the 1949 deed, and that “the United States was entitled to immediate possession of said lands.” R. 15-1 (Second Am. Compl. at 4-5) (Page ID #364-65); R. *441 8 (First Am. Compl. at 3-4) (Page ID #103-04). The complaint further states that “[subsequent to the above-described leases, MWCD failed to return possession of said lands to the United States,” and that MWCD “retained income derived from said lands, and failed to deliver it to the United States.” R. 15-1 (Second Am. Compl. at 6) (Page ID #366).
The majority insists that the relators have not shown that MWCD acted with the requisite degree of scienter. But determining whether a complaint meets Rule 8’s requirements is “a context-specific .task that requires the reviewing court to draw on its judicial experience and common sense.” Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). “If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.” Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012). Here, given the relative simplicity of the factual basis underlying the relators’ claim, I believe that the complaint sets forth sufficient factual allegations such that we can “draw the reasonable inference,” Iqbal, 556 U.S. at 678, 129 S.Ct. 1937, that MWCD knowingly avoided an obligation to the government and knowingly converted government money or property. For this reason, I dissent.